TATEOS M. HEDITSIAN, *d.b.a.* H. & H. TAILORS

*vs.* VIRGILIO BERTONE.

APRIL 29, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit for the price of a suit of clothes which the plaintiff, a tailor, had made on the order of the defendant and for his personal use, but which the latter had refused to accept on the grounds that it was not made in accordance with his instructions and that it was not a reasonably good fit.

At a jury trial in the superior court the plaintiff testified in his own favor as to both of these grounds of objection to the suit. Another tailor testified in behalf of the defendant to the effect that the fit was not reasonably good and that the coat could not be made to fit reasonably well.

The defendant himself testified that the style of the suit was not what he had ordered and that the suit did not fit him for several reasons that he mentioned. The coat was also put on by him in the presence of the jury so that they could judge as to how well or how poorly it fitted.

At the conclusion of the trial, the jury returned a verdict for the plaintiff for $85.51, being apparently $81.00, the con-

tract price as testified to by the plaintiff, plus interest thereon from the date of the writ. A motion for a new trial was denied; and the case is now before us on a bill of exceptions by the defendant, in which the only exceptions are to five portions of the charge of the trial justice to the jury after the arguments of counsel. Only four of these portions were relied upon before us as grounds for ordering a new trial.

There was a substantial conflict in the evidence on the main issue of fact in the case, which was whether the suit was a reasonably good fit. As to this question, the trial justice, in his charge, made the four statements now relied upon as constituting fatal error.

These bore directly upon this main issue and could easily have been understood by the jury as clearly indicating that he would have decided that issue in favor of the plaintiff, if it were for *him* to decide. It is true that he also told them several times that the issue was for *them* to decide.

But the statements were entirely improper; and in our judgment there is a probability that, by reason of them and the repetition that was involved in them, the jury were substantially influenced in favor of the plaintiff in arriving at their verdict. We are therefore of the opinion that the exceptions relied upon should be sustained.

The defendant's exceptions 1, 2, 4 and 5 are sustained, and the case is remitted to the superior court for a new trial.

*Walling & Walling, Ambrose W. Carroll,* for plaintiff.

*J. William Grande,* for defendant.